## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KOPP DEVELOPMENT, INC., | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) |
| TD BANK, N.A., | ) |
| Defendant. | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Kopp Development, Inc. ("Plaintiff" or "Company"), by and through its counsel, Crary Buchanan, P.A., submits its Complaint ("Complaint") for violations of Article 4A of the Uniform Commercial Code, Fla. Stat. 670.201 et seq. and breach of contract for damages in excess of $162,647.00 plus interest as follows:

### PARTIES

1. Kopp Development, Inc. is a Florida corporation with its principal place of business in Martin County, Florida.

2. Defendant TD Bank, N.A. ("Bank") is a national banking association with its principal offices in New Jersey.

### JURISDICTION AND VENUE

3. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy is in excess of $75,000.

4. This Court has personal jurisdiction over the Bank since it operates Bank branches in Martin County, Florida and the acts at issue took place in the State of Florida.

1

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this court since all of the business banking and fraudulent wire transfers complained of took place in Martin County, which is located in the Southern District of Florida.

## **GENERAL ALLEGATIONS**

6. Plaintiff is a business customer of the Bank.

7. On April 27, 2021, the Company was the victim of five (5) fraudulent wire transfer transactions ("Fraudulent Transfers") that were not authorized using the Security Procedure agreed between the Bank and Company and used by the Bank and Company for many years.

8. The following Security Procedure used by the Bank and the Company to initiate a wire transfer required two separate secure logins by two different authorized representatives of the Company:  (a) Keith Kopp and Tatiana Kopp are officers of the Company and the only individuals authorized to initiate and approve a wire transfer.  (b) They each have a separate token that changes its number every minute.  (c) One token is required to log in and create the wire transfer by entering information in the wire transfer template.  (d) The wire transfer template itself contains detailed information regarding the transaction including the amount and the wire transfer recipient information.  (e) The creator of the template then logs out.  (f) The other secure token holder logs in to approve the wire transfer transaction.  This is the Security Procedure agreed to by the Bank and the Company for conducting wire transfers.

9. The Security Procedure required two separate logins to create, approve, and verify that they wire transfer is a payment order of the Company.

10.     Under Fla. Stat. § 670.201, "Security Procedure" means: a procedure established by agreement of a customer and a receiving bank for the purpose of (i) verifying that a payment order or communication amending or cancelling a payment order is that of the customer, or (ii) detecting error in the transmission or content of the payment order or communication.

11.     The Bank failed to flag and stop the Fraudulent Transfers when it knew or should have known that the Company did not authorize the Fraudulent Transfers because:

a) The Company did not create any wire transfer templates for the Fraudulent Transfers.
b) The Company did not approve any wire transfer templates in a separate login to verify and approve the wire transfer templates.
c) No email was sent by the Bank to the Company notifying the Company of that a wire transfer was in process.
d) Only one login was used to initiate all of the Fraudulent Transfers.
e) The Fraudulent Transfers were initiated from a computer and location not previously used by the Company, which necessitated that the Bank confirm with the Company the authenticity of the wire transfers.
f) The Fraudulent Transfers were sent to banks and payees in locations that the Company had no history of making such payments to in the past.
g) The Fraudulent Transfers were in amounts that the Company historically did not authorize or pay to payees.
h) The Company discovered the Fraudulent Transfers and notified the Bank on the evening of April 27th to investigate and terminate the Fraudulent Transfers while they were still listed as "pending."
i) The Company followed up with the Bank on the morning of April 28th at 7:00 a.m. to demand that the Fraudulent Transfers be terminated or recalled.
j) One of the Fraudulent Transfers was still pending as of April 28th and the Bank failed to stop the wire transfer or recall the funds from the receiving Bank.

12. The Bank and Company created the Security Procedure for initiating, approving, and verifying that the wire transfers were from the Company.

13. The Bank accepted wire transfers based on the two-person authentication as a means of preventing fraud by verifying the wire transfer templates were authorized by the Company and detecting errors in transmission or content of such wire transfers.

14. The Bank failed to follow the agreed Security Procedure as stated above and the Bank failed to act in good faith in accepting and processing the Fraudulent Transfers under Fla. Stat. § 670.202(b).

15. As a direct and proximate result of the Bank's failure to comply with the Security Procedure, the Company incurred losses of $162,647.00 as a result of the Fraudulent Transfers.

16. Pursuant to Fla. Stat. § 670.204(a), the Bank is obligated to refund the Fraudulent Transfers and pay interest on the refundable amount.

**Count I – Violation of Fla. Stat. 670.201 et. seq.**

17. Plaintiff incorporates and realleges the allegations in paragraphs 1 to 16 above as fully restated in this Count.

18. Under Fla. Stat. § 670.201, the Bank has a duty to adopt and comply with a commercially reasonable security procedure.

19. The Bank and the Company agreed on a two person authentication Security Procedure as set forth in paragraph 8 above.

20. On April 27, 2021, the Company was the victim of five (5) fraudulent wire transfer transactions ("Fraudulent Transfers") that were not authorized using the Security

Procedure agreed between the Bank and Company and used by the Bank and Company for many years.

21. The Bank failed to follow the agreed Security Procedure in accepting, processing, and verifying the Fraudulent Transfers under Fla. Stat. § 670.202(b).

22. The Bank failed to act in good faith in accepting, processing, and verifying the Fraudulent Transfers under Fla. Stat. § 670.202(b) as further set forth in paragraph 11.

23. As a direct and proximate result of the Bank's failure to comply with the Security Procedure, the Company incurred losses of $162,647.00 as a result of the Fraudulent Transfers.

24. Wherefore, Kopp Development, Inc. requests that the Court find in its favor and against TD Bank, N.A. and award the Company damages in the amount of $162,647.00 plus interest and attorneys' fees under Fla. Stat. § 670.204(a).

## Count II – Breach of Contract

25. Plaintiff incorporates and realleges the allegations in paragraphs 1 to 16 above as fully restated in this Count.

26. The Bank and the Company agreed on a two-person authentication Security Procedure as set forth in paragraph 8 above.

27. On April 27, 2021, the Company was the victim of five (5) fraudulent wire transfer transactions ("Fraudulent Transfers") that were not authorized using the Security Procedure agreed between the Bank and Company and used by the Bank and Company for many years.

28. The Bank breached its obligation by failing to comply with the agreed Security Procedure in accepting, processing, and verifying the Fraudulent Transfers.

29. As a direct and proximate result of the Bank's failure to comply with the Security Procedure, the Company incurred losses of $162,647.00 as a result of the Fraudulent Transfers.

30. Wherefore, Kopp Development, Inc. requests that the Court find in its favor and against TD Bank, N.A. and award the Company damages in the amount of $162,647.00 plus interest and attorneys' fees under Fla. Stat. § 670.204(a).

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted,

Dated this 22nd day of March, 2022.    /s/ W. Scott Turnbull
W. Scott Turnbull, Esq.
FL Bar No.: 0038626
Crary Buchanan, P.A.
759 SW Federal Highway, Suite 106
Stuart, FL 34994
(P) 772-287-2600
(F) 772-223-4364
e-Service: turnbull@crarybuchanan.com
e-Service: kali@crarybuchanan.com